# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JULIE LYNN GENTRY-SMITH,

    *Plaintiff,*

vs.

Case No. 19-CV-04055-EFM

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,

    *Defendant.*

## MEMORANDUM AND ORDER

Plaintiff Julie Lynn Gentry-Smith brings this action against Defendant Commissioner of Social Security seeking review of an order of the Appeals Council of the Social Security Administration. Defendant has filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 6) asserting that the Court lacks subject matter jurisdiction. For the following reasons, the Court grants Defendant's motion to dismiss.

### I.    Factual and Procedural Background

In October of 2017, Plaintiff appeared for a hearing in front of an administrative law judge ("ALJ") regarding Plaintiff's application for disability benefits. The ALJ denied Plaintiff's request but allegedly allowed her five days to submit additional evidence. Plaintiff submitted additional evidence. The Appeals Council of the Social Security Administration reviewed the evidence and determined the evidence was insufficient to alter the ALJ's decision,

making the ALJ's decision final.  In its order, the Appeals Council included instructions regarding how to file a civil action in the United States District Court for judicial review of the ALJ's decision.  Subsequently, Plaintiff filed suit against Defendant in Kansas state court in the District Court of Shawnee County challenging the Appeals Council's decision upholding the ALJ's denial of social security benefits.  Defendant removed the action under 28 U.S.C. §§ 1442(a)(1) and 1446 to the United States District Court for the District of Kansas.  Defendant now moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction.

## II.     Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal based on the Court's lack of subject matter jurisdiction.  Subject matter jurisdiction is a Constitutional and statutory requirement for federal courts.[1]  As such, parties cannot confer subject matter jurisdiction onto federal courts or waive the subject matter jurisdiction requirement.[2]  Because federal courts are courts of limited jurisdiction, the presumption is against federal jurisdiction.[3]  "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."[4]  In general, a motion to dismiss for lack of subject matter jurisdiction either takes the form of a facial attack challenging the sufficiency of allegations regarding jurisdiction or a factual attack challenging the accuracy of the jurisdictional allegations.[5]

---

[1] *Ins. Corp. of Ir. v. Compagnie des Bauxites be Guinee*, 456 U.S. 694, 702 (1982).

[2] *Id.*

[3] *Marcus v. Kan. Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999).

[4] *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 906 F.3d 926, 931 (10th Cir. 2018) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)) (internal quotations omitted).

[5] *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir. 1995).

### III. Analysis

Here, Defendant argues that when an action is removed under 28 U.S.C. § 1442, a federal district court's jurisdiction is derivative of the originating state court's jurisdiction. Traditionally, under the derivative jurisdiction doctrine, where a state court lacks subject matter jurisdiction, "the federal District Court acquires none on a removal of the case . . . even where the federal court would have jurisdiction if the suit were brought there."[6] In 1986, Congress amended the general removal statute, § 1441, adding the following provision: "The court to which such civil action is removed is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."[7] Courts were split regarding whether the amendment completely abrogated the derivative jurisdiction doctrine or merely eliminated the applicability of the doctrine to removals brought under § 1441.[8] In 2002, Congress amended the derivative removal jurisdiction provision, adding the language "under this section," restricting the provision's abrogation of the derivative jurisdiction doctrine to only § 1441 removals.[9] As such, the derivative jurisdiction doctrine applies to actions removed under § 1442.[10]

Plaintiff seeks review of a final decision of the Commissioner of Social Security. "Such action shall be brought in the district court of the United States . . . ."[11] The Social Security Act

---

[6] *Freeman v. Bee Mach. Co.*, 319 U.S. 448, 449 (1943) (citing *Lambert Run Coal Co. v. Balt. & Ohio R.R. Co.*, 258 U.S. 377 (1922)).

[7] Pub. L. 99-336, § 3(a), 100 Stat. 637 (1986) (current version at 28 U.S.C. § 1441(f)).

[8] *Palmer v. City Nat'l Bank of W. Va.*, 498 F.3d 236, 245 (4th Cir. 2007).

[9] 28 U.S.C. § 1441(f); *Palmer*, 498 F.3d at 245.

[10] *Lopez v. Sentrillon Corp.*, 749 F.3d 347, 350-51 (5th Cir. 2014).

[11] 42 U.S.C. § 405(g).

gives federal district courts exclusive jurisdiction over judicial review of final decisions.[12] In other words, state courts lack subject matter jurisdiction to review final decisions of the Social Security Administration. Applying the derivative jurisdictional doctrine to the present case, the Court derives its jurisdiction from the Kansas state court. Here, the Kansas state court lacked subject matter jurisdiction over Plaintiff's claim; therefore, this Court also lacks subject matter jurisdiction. Thus, the derivative jurisdiction doctrine requires the Court to dismiss Plaintiff's claim.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (Doc. 6) is **GRANTED**.

**IT IS SO ORDERED.**

Dated this 18th day of November, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[12] 42 U.S.C. § 405(g), (h).